## PEOPLE vs. LYNN.

*Ninth District Court for Trinity Co., Dec. T.,* 1857.

### DEMURRER—OFFICIAL BOND—ALTERATION.

In a complaint upon an official bond, where it appears that there has been an erasure of the name of one of the sureties thereto, which is not averred—advantage of the defect should be taken by demurrer.

This applies only to those sureties who signed above the name erased, but not to those below.

A bond whereupon the right of action exists against any or all of the sureties, is not void but voidable only by reason of the erasure of one of the signatures thereto.

On the trial of an action on such a bond, the sureties may show the erasure by the record and the burden of accounting for it satisfactorily devolves upon the plaintiff.

The action is brought by the state against *Lynn* and his sureties, in which it is alleged that as treasurer of Trinity county he has received moneys belonging to the state, which he has failed to pay over.

Profert is made of the bond, from which it appears that the name of one of the sureties has been erased, or that a line has been drawn across the name of one *Batchelor,* whose name appears as surety. *Batchelor,* however, is not made a defendant, the bond being joint and several.

The defendants demurred, and for causes of demurrer alleged—

1st. That there is a defect of parties defendant, it appearing from the supposed official bond copied in said complaint, that the same was originally executed by another person who is not made a party defendant.

2d. That the said complaint does not state facts sufficient to constitute a cause of action, in that it appears from the facts of said complaint that the action is brought upon a supposed official bond, the name of one of the sureties upon which has been erased, and no facts set up showing how, why or by whom said erasure was made or accounting therefor, in any manner.

*Sprague & McMurtry* and *J. Callager*, for plaintiff.

*Pitzer & Burch* and *Chadbourne & Howe*, for defendants.

DAINGERFIELD, J.—With regard to those who signed above the erasure, I have no hesitation in deciding that the demurrer is not well taken as to them, but as to those who signed below there is more doubt, and this question must depend upon the fact, whether the bond is *void* or only *voidable*, as to them, as the ground taken in the demurrer is, " that the complaint does not state facts sufficient to constitute a cause of action."

The rule of law is, that where a defect is patent upon the face of the complaint, advantage must be taken thereof by demurrer, and if from the statement of facts apparent on the face of this complaint, the people have *no cause of action*, then the demurrer is well taken, but if they may have a cause of action, then advantage must be taken of the defect in the cause of action by answer. Then applying these premises to the law of the case, is demurrer the proper remedy, or will the defendants be required to answer? The decisions upon this point seem to be somewhat conflicting, but the current of authorities seem in favor of the position that this instrument is not absolutely a void one, but voidable; particularly would this seem to be the case under statutes giving the right of action against *any or all* of the sureties. From all the authorities introduced, (and certainly very great industry has been shown in their collection,) I think I can give the following general rule, which is founded upon reason as well as authority:

That where an alteration has been made which is patent upon the instrument itself, and which would affect the party offering the instrument in evidence, or seeking to recover on it *advantageously*, the court would pronounce it void *absolutely*, particularly where the party offering it has been its custodian, as the law will not permit such a premium

to be offered for *perjury*, as any other course would hold out; but where the alteration is *against* the interest of the party offering it, no such presumption is raised, and the instrument is only *voidable*.

In the first case the instrument being insufficient in point of law to maintain a suit, a demurrer would be sustained, but in the latter the instrument being only voidable, and only *void in a certain showing of facts*, advantage must be taken by answer when proof *aliunde* might be introduced.

In the one case the instrument itself would be evidence that the plaintiff could not recover ; in the other, proof would have to be introduced showing that he ought not to recover.

This bond, therefore, presents the two insignia of which I have spoken, and will have to be governed on the hearing by both rules. The alteration made in the instrument being made against the interest of those whose names appear on the bond after the alteration, they will only be required to show the alteration by the record, and then it will devolve upon the state to show that it was made before the signing by them, or they will not be held liable for any portion of the debt, but as to those obligors who signed before the apparent erasure, no such burden will be imposed, unless the people produce proof that the alteration was made after it was an entirety.

Most of the cases cited by counsel are suits between individuals, it is true, but then I can see no reason, particularly under our California statute, for a more stringent rule against the state than against individuals, and as the object of all law is to administer justice, and no substantial rights can be affected, I shall overrule the demurrer and give the defendants leave to answer. Another view which may be well taken in this case is, that even on the face of the paper it does not absolutely follow as a matter of law that any alteration which would affect its legal force has been made in the instrument. True, there is an erasure of the name of *Batchelor*, but *Story on contracts* § 1000, and 1 *Greenleaf on Ev.*, 564, lay down the law to be that the presumption of law is, that the alteration was made at the time of the execution of the instrument. If that be so, it follows that so far as the papers in this case show, the defendants knew of the alteration when they signed it, and consequently are bound by their acts until the pleadings raise the issue of fact. I, however, am of the opinion that

the general issue would be sufficient to throw the burden of proof upon the state, and that in order to bind those obligors who signed below, (the fact being admitted that those below signed after those above,) the state would be required to account for and explain the alteration. So far as the responsibility of *Batchelor* is concerned, to the state, were he sued, I am not called upon to decide, but his responsibility to the state and to the other obligors upon the bond, will not depend upon the same evidence ; but if his liability once attached, I doubt the justice to those who were bound with him of permitting him by his own act and without the consent of those interested, to escape responsibility.

Let an order be made overruling the demurrer.